# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GALAVIZ VALENZUELA, | 1:06-cv-01274-TAG HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 8) |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| MICHAEL KNOWLES, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Fresno, following his 2005 conviction for driving while intoxicated, with prior convictions. (Doc. 1). Petitioner is serving a prison term of four years. Petitioner filed the instant petition on September 15, 2006. On January 28, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner's claims have not been exhausted in state court and therefore the petition should be dismissed. (Doc. 8). Petitioner did not file an opposition to the motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "[a]n alleged failure to exhaust state remedies may be raised by a motion by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1990); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

      B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992)(factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7, 103 S. Ct. 276 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises two grounds for relief: (1) ineffective assistance of trial counsel in advising Petitioner that his 1981 conviction for vehicular manslaughter would be stricken; and, (2) the trial court erred in determining that the 1981 conviction was a "strike" under California's Three Strikes law.  (Doc. 1).

Petitioner sought to exhaust these two claims by raising them in a petition for writ of habeas corpus in the California Supreme Court.  (Lodged Document ("LD") 2).  However, that petition was denied by the California Supreme Court, citing <u>People v. Duvall</u>, 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), and <u>In re Swain</u>, 34 Cal.2d 300, 304, 209 P.2d 793 (1949).  (LD 3). Under California law, a citation to <u>Duvall</u> and <u>Swain</u> indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, <u>Harris v. Superior Court</u>, 500 F.2d 1124, 1128 (9th Cir. 1974), and/or has failed to "include copies of

1  reasonably available documentary evidence supporting the claim, including pertinent portions of trial

2  transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

3      Respondent contends that state court remedies have not been exhausted because Petitioner's

4  California Supreme Court petition was denied on procedural grounds, i.e., by the citation to Duvall

5  and Swain. (Doc. 8, p. 3). Specifically, Respondent contends that the Petitioner's petition in the

6  California Supreme Court was denied for lack of particularity, and because Petitioner could have

7  cured that defect by filing a new petition that contained sufficient particularity to satisfy the state

8  court, Petitioner's claims remain unexhausted. (Id.). The Court agrees with Respondent.

9      In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a

10 state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949). Like Duvall, a citation to

11 Swain stands for the proposition that a petitioner has failed to state his claim with sufficient

12 particularity. That deficiency, when it exists, can be cured in a renewed state petition and state

13 judicial remedies therefore are not considered exhausted. See Kim, 799 F.2d at 1319; see also

14 McQuown v. McCartney, 795 F.2d 807, 808 n 1, 809 (9th Cir1986); Harris v. Superior Court,

15 500 F .2d at 1128. In Kim, the Ninth Circuit found that the Swain citation indicated that the claims

16 were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a

17 renewed petition. Kim, 799 F.2d at 1319.

18     However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court,

19 in determining whether the federal standard of "fair presentation" of a claim to the state courts had

20 been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320.

21 "The mere recitation of In re Swain does not preclude such review." Id. "Fair presentation" requires

22 only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

23     Because Swain and Duvall stand for the same proposition, and applying the principles set

24 forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California

25 Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion

26 standards.

27     As mentioned above, in his state habeas petition to the California Supreme Court, Petitioner

28 raised the same two grounds for relief as in the instant petition. (LD 2). In his habeas petition to the

California Supreme Court, Petitioner alleged ineffective assistance of trial counsel as follows:

> "I believe counsel was inadequate and misleading: I was led to believe that I would be eligible for half-time credit. In 1981 I was convicted of involuntary manslaughter which is not a strikable offense. Furthermore, my current sentence was doubled to four years."

(LD 2).

Petitioner goes on to explain that he was "led to believe" that the 1981 conviction would be dismissed pursuant to California law, presumably because the conviction had occurred many years earlier. (Id.). Petitioner indicates he was "surprised" to receive the doubled sentence. (Id.).

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405, 105 S. Ct. 830 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687-688, 694, 104 S. Ct. 2052 (1984). Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); see also Penson v. Ohio, 488 U.S. 75, 88, 109 S. Ct. 346 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-688. Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the appeal. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998).

The contentions raised by Petitioner in his state court habeas petition seek to raise an ineffective assistance of counsel claim by implying that trial counsel advised Petitioner that his prior

conviction would be stricken and would not be considered by the court at sentencing.[1]  However, there is a fine line between counsel's legal advice to a client about probable outcomes and a guarantee regarding an outcome.  If, indeed, trial counsel had induced Petitioner to plead "no contest" by <u>guaranteeing</u> that the trial court would dismiss the 1981 conviction, this would raise a serious question about trial counsel's competence.  On the other hand, if counsel had merely indicated that there was a *probability*, or even a strong *possibility*, of having the prior conviction stricken due to its remoteness in time, such advice could hardly give rise to a constitutional violation under <u>Strickland</u>.

Thus, in order to properly plead a claim of ineffective assistance, Petitioner was required to allege specific facts that, if proven, would establish that counsel's conduct fell below that of a reasonable attorney and that, but for counsel's defective representation, the outcome would have been different.  Unfortunately for Petitioner, his state court petition alleges only generalities and does not refer to specific statements trial counsel allegedly made to Petitioner to "induce" him to plead no contest.  Without such specific allegations regarding trial counsel's representation, a reviewing court would have no basis on which to determine whether counsel's statements constituted legitimate advice about the legal process or, on the other hand, an unwarranted guarantee regarding a particular outcome.  In other words, given the generalized allegations in the state petition, the state court would have had no basis on which to conclude that trial counsel's advice fell below the standard of a reasonable attorney.  Accordingly, the Court concludes that the state court's denial of the petition with citations to <u>Swain</u> and <u>Duvall</u> was appropriate under the specific circumstances of this case.

The Court therefore agrees, as Respondent argues, that the California Supreme Court's citation to both <u>Swain</u>  and <u>Duvall</u>  makes it clear that the state court denied Petitioner's state habeas corpus petition on the ground that his pleading was insufficient, and that the court did not reach the merits of the petition. A state court habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. <u>Coleman v. Thompson</u>, 501 U.S. at 732.  Absent "fair

---

[1] Petitioner's contention that involuntary manslaughter is not a strikeable offense under California law appears to be Petitioner's own legal conclusion, rather than advice given to him by his trial counsel.

1  presentation" of those claims in the state court, the claims remain unexhausted.  Thus, the Court
2  finds that Petitioner has failed to exhaust his claims in state court.

### ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss the petition (Doc. 8), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED; and

3. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and in favor of Respondent and close the file.

This order terminates this case in its entirety.

IT IS SO ORDERED.

Dated:  **August 4, 2008**                                   /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE